• Littleton, Judge,
delivered the opinion of the court:
This case is now before the court on defendant’s counterclaim in the amount of $57,500 and its claim for offsets •under the act of August 12, 1935, 49 Stat. 571, for certain amounts expended gratuitously for the benefit of the Chicka- • saw Nation, and on plaintiff’s reargument of the question of value on March 3,1875 of the 136,204.02 acres of land owned jointly by the Chickasaw and Choctaw nations and taken by the defendant on that date.
The case was originally tried, argued, and submitted on the questions of the date of taking of the land and the value thereof at the date of taking.
In the findings and opinion of the court May 5, 1941, 94 C. Cls. 215, we determined that the land had been taken by the Government on March 3, 1875, and that the value of the 136,204.02 acres on that date was $68,102. We have considered plaintiff’s reargument as to the value of the land *55 on the hearing under rule 39 (a) and adhere to the value of $68,102 for the land on March 3, 1875, as previously determined.
Upon the record we are of opinion that defendant’s counterclaim for $57,500 as an offset under sec. 3 of the jurisdictional act (43 Stat. 537) is allowable. As shown in findings 3 to 6, inch, the Government advanced to and paid plaintiff a total of $57,500 in three payments, the first in the amount of $50,000 during the fiscal year 1867 and the second and third in the amount of $7,500 each in the fiscal years 1868 and 1869, respectively, under arts. 3 and 46 of the treaty of April 28, 1866, with the Choctaw Nation and the Chickasaw and Choctaw nations, as set forth in findings 3 and 5. These sums were advanced and paid to plaintiff against plaintiff’s portion of the $300,000 which the Government agreed to pay to the Choctaws and Chickasaws for the cession of certain land, provided the Choctaws and Chickasaws adopted the Freedmen (former slaves) and granted to such persons of African descent “all the rights, privileges, and immunities, including the right of suffrage, of citizens of said nations, except in the annuities, moneys, and public domain claimed by, or belonging to, said nations respectively; and also to give to such persons who were residents as aforesaid, and their descendants, forty acres each of the land of said nations on the same terms as the Choctaws and Chickasaws, to be selected on the survey of said land, after the Choctaws and Chickasaws and Kansas Indians have made their selections as herein provided; * * In anticipation that the Choctaws and Chickasaws would give to all persons of African descent resident in said nations the rights and allotments mentioned, art. 46 of the treaty provided that of the moneys stipulated to be paid to the Choctaws and Chickasaws under the treaty on the conditions specified the sum of $150,000 would be advanced and paid to the Choctaws and $50,000 to the Chickasaws as soon as practicable after ratification of the treaty, to be repaid out of said moneys, or any other moneys of said nations in the hands of the United States. The Choctaw Nation adopted their Freedmen and granted to them the rights mentioned in the treaty and that nation received its portion of the $300,000 *56 mentioned, but tbe Chickasaw Nation refused to grant its Freedmen, or persons of African descent, the rights mentioned in art. 3 of the treaty and, thereby, did not become entitled to receive any portion of the $300,000, and no portion thereof was ever paid or credited to the Chickasaw Nation other than the advances which were to be repaid, totaling $57,500.
Plaintiff makes the argument in answer to defendant’s counterclaim that the United States waived, relinquished, and surrendered any right which it may have had to have the advances, totaling $57,500, repaid in that part of sec. 29 of the “Atoka Agreement” of 1898 (30 Stat. 495) quoted in finding 7. We think this contention cannot be sustained. No mention was made in any treaty or agreement subsequent to the treaty of 1866 that the Government’s right to' insist upon repayment of the advances mentioned was satisfied and discharged, and we do not find any provision in the Atoka Agreement which necessarily implies such an arrangement. The fact that in the Atoka Agreement the Government did not, at that time, insist that the sums advanced be then repaid does not prove, in the absence of evidence sufficient to show the clear intention of the parties,, that the Government was relinquishing and surrendering its legal right to insist upon repayment by offsets or a charge against tribal funds at a later date. Defendant’s counterclaim is therefore allowable and the sum of $50,128.27 thereof is allowed as an offset against an equal sum heretofore and herein determined to be due plaintiff as just compensation for its interest in the 136,204.02 acres of land taken by defendant in 1875. This offset is authorized by sec. 3 of the jurisdictional act, which provides that “In said suit the court shall also hear, examine, consider, and adjudicate any claims which the United States may have against said Indian Nations.”
This decision on defendant’s counterclaim makes it unnecessary to use as offsets against the amount due plaintiff the sums totaling $69,920.39 expended gratuitously for the benefit of plaintiff, as set forth in findings 8 to 14, inch
Plaintiff is not entitled to recover and its petition is therefore dismissed.
*57 The United States filed a cross-action for judgment over against the Choctaw Nation under section six of the jurisdictional act. As set forth in the findings and opinion of May 5,1941 (94 C. Cls. 215), the Choctaw Nation, under the judgment of this court in Choctaw Nation v. United States, 21 C. Cls. 59, was paid the entire amount of $68,102 for the value of the land here in question, and no portion thereof was paid to the Chickasaw Nation (see finding 15, 94 C. Cls. 215). Inasmuch as the United States is paying the amount of plaintiff’s one-fourth interest of $17,025.50 in the value of the land taken in 1875 by an offset of a legal claim against plaintiff, the Government is entitled, for the reasons set forth in our former opinion in this case, to recover $16,003.97 from the Choctaw Nation. Judgment will accordingly be entered. It is so ordered.
MaddeN, Judge; Whitaker, Judge; and Whaley, Chief Justice, concux.
JoNES, Judge, took no part in the decision of this case.